■ (A) THE PEOPLE OF THE STATE OF NEW YORK v. ISIDORE BRANHAM. (B) THE PEOPLE OF THE STATE OF NEW YORK v. MICHAEL J. FUREY.— [In each action] Enlargement of time granted. Concur — Botein, P. J., Rabin, Valente, McNally and Eager, JJ.

### (February 10, 1961)

■ In the Matter of JOHN D. MURCHISON v. ALLEGHANY CORPORATION et al. In the Matter of DONALD D. HARRINGTON v. ALLEGHANY CORPORATION et al.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Motion for a stay denied, with $10 costs. The stay contained in the order to show cause, dated January 24, 1961, is vacated. Concur — Botein, P. J., Rabin, McNally, Stevens and Eager, JJ.

### (February 14, 1961)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAX BROD, Appellant.— Judgment of the Court of Special Sessions, New York County, convicting defendant of the crimes of knowingly possessing policy writings, knowingly possessing articles commonly used in the game of policy and receiving money in the game of policy, and sentencing defendant to serve a term of six months in the Workhouse, unanimously affirmed insofar as it convicts defendant under the first and second counts of the information and unanimously reversed on the law and the facts insofar as it convicts defendant under the third count of the information and sentences defendant to serve six months in the Workhouse. The third count of the information, charging the defendant with the crime of receiving money in the game of policy is dismissed, and the matter is remanded to the Court of Special Sessions for resentence on the conviction of defendant on the first and second counts of the information. There is no proof in the record to sustain the conviction on the third count in the information, and for all that appears, the learned Justice of the Court of Special Sessions in fixing the sentence did so on the basis of a conviction of the defendant of all three counts of the information. Concur — Botein, P. J., Rabin, McNally, Stevens and Eager, JJ.